**SHAW v. GAURDY et al.**
**Civ. No. 27517.**

District Court of the United States
N. D. Ohio, E. D.
Dec. 5, 1950.

1. No opinion for publication.

146

Saul L. Nadler, Marvin Neben, Marvin L. Gardner, all of Cleveland, Ohio, for plaintiff.

Everett M. Tyler, Cleveland, Ohio, for defendant.

JONES, Chief Justice.

This is an action to recover assets of a bankrupt transferred to defendants either while bankrupt was insolvent or which transfer made the bankrupt insolvent. The action is brought under Section 67, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. e, which refers only to actions arising under other provisions of Section 67. Defendants have filed five motions. They will be considered in order.

Motion to Dismiss:

Defendants claim that no cause of action is stated in the complaint and point out that none of the allegations necessary for a recovery of a preferential transfer can be found in the complaint. Plaintiff, however, apparently is here to set aside a fraudulent conveyance. Section 67, sub. d(6) declares that a transfer which is fraudulent under any subsection of 67, sub. d is null and void and 67, sub. e provides for plenary actions for recovery and voidance of such transfers. Section 67, sub. d(2)(a) provides that a transfer is fraudulent as to creditors existing at the time of the transfer, if the transfer of property is made without fair consideration while the debtor is or will be rendered insolvent. The complaint states that the bankrupt built upon defendants' property a building worth $11,000. This transfer of assets took place while bankrupt was insolvent or he became insolvent because of the transfer and said transfer was made without consideration. These are the essential allegations necessary to state a cause of action under Section 67, sub. d(2)(a) and the motion to dismiss must be denied. There is a possibility that plaintiff wished to state an action under the terms of Section 67, sub. d(2)(c).

If this is so, plaintiff should amend his complaint so as to clearly state his position in respect to such a cause of action.

Motion to Dismiss for Failure to Join Indispensable Parties:

■ Such failure is not grounds for dismissal. Fed.Rules Civ.Proc. rule 21, 28 U.S.C.A. Plaintiff as one form of relief asks for sale of the real estate upon which the fraudulent improvements were made. There is some question as to whether there are existing liens on this property, and the Court does not have the information necessary to make such a finding. If there are existing lien-holders, plaintiff should add them as party defendants, or eliminate from the complaint the form of relief which makes protection of lien rights necessary.

Motion for a Definite Statement:

■ This motion must be denied. The nature of the transfer is clear from the allegations in the complaint, and defendants can discover the other information desired by use of the discovery rules.

Motion to Strike:

■ The motion is directed to the alternative pleading of the insolvency allegation. While it would seem that plaintiff should be able to determine whether bankrupt was insolvent at the time of the transfer, or became insolvent because of the transfer, it does not seem that this alternative pleading is prejudicial, and subject to a motion to strike. Defendant can easily discover before trial which method of proof will be followed by plaintiff, and granting of this motion will only cause delay in bringing the action to issue. The motion will be denied.

Motion for summary judgment:

■ There is no basis for such a motion. All this Court has is the complaint of the plaintiff presenting certain allegations of fact, which have not been admitted or denied by defendant. At this time then there clearly is a factual dispute which cannot be resolved except at trial. In such circumstances the motion must be denied.